-------------------------------------------------------x

In re:
Brigitte Branconnier

Chapter: 13

Case No. 24-12266(jpm)

Debtor(s).

-------------------------------------------------------x

## APPLICANT'S RESPONSE
## TO DEBTOR'S LETTER OBJECTION TO FEE APPLICATION

**TO THE HONORABLE JOHN P. MASTANDO III,
UNITED STATES BANKRTCY JUDGE:**

Linda M. Tirelli, Esq., of Tirelli Law Group, LLC, former counsel to the Debtor, Brigitte
Branconnier (the "Debtor"), respectfully submits this response in opposition to the
Debtor's letter objection to the Applicant's Fee Application and states as follows:

# THE OBJECTION

On February 24, 2026, the Debtor filed a letter objection to the Fee Application submitted
by the Applicant (the "Objection"). The Debtor asserts that she did not receive a copy of
the Fee Application and further claims that her case was left in a "mess" when the
Applicant closed her practice and transferred the matter to successor counsel, Todd
Cushner, Esq.

The Debtor raises no specific objection to the time entries submitted, the reasonableness
of the fees requested, or the substantive work performed in connection with her Chapter
13 case.

In reviewing a fee application under **11 U.S.C. § 330**, the Court considers whether the
services rendered were actual, necessary, and reasonable. The Debtor's objection does
not challenge the substance, necessity, or reasonableness of the services reflected in the
Applicant's time records.

The Applicant respectfully submits that the Objection is not supported by the record.

## 1. The Debtor Was Provided With the Fee Application Twice

In or about August 2025, after twenty-nine years in practice, the Applicant made the decision to wind down her law practice for personal health and well-being reasons. In doing so, the Applicant took steps to ensure that her clients' cases would continue to be handled competently and without disruption.

The Applicant contacted Todd Cushner, Esq., a colleague of more than twenty years and former law partner, and met with him in person to determine whether he would accept referrals of Chapter 13 matters that remained open and unconfirmed. The Applicant also notified the Chapter 13 Trustee, Tom Frost, Esq., of the transition so that no debtor would be left without representation or otherwise prejudiced.

In September 2025, letters were sent to affected clients asking them to elect whether their cases should be transferred to Mr. Cushner or to counsel of their own choosing. The Debtor elected to transfer her case to Mr. Cushner and further executed a consent to change attorney.

On October 1, 2025, during this transition period, the Debtor emailed the Applicant inquiring about her legal bill. A copy of that correspondence is annexed as **Exhibit A**. The Applicant explained that the retainer paid prior to filing covered certain base services as outlined in the retainer agreement, and that additional non-base services would be billed on an hourly basis through a fee application submitted to the Court. The Applicant further explained that such fees, if approved, would be paid from funds held by the Chapter 13 Trustee. The Debtor acknowledged via email that she understood this explanation.

On October 26, 2025, the Applicant filed the Fee Application and certified service upon all parties listed in the certification and mailing matrix, including the Debtor at the address listed in her bankruptcy petition. The Applicant stands by the accuracy of that certification. The Applicant arranged for all firm mail to be forwarded to a P.O. Box at the US Post Office in Ardsley New York. Said mailing address appears on the Applicant's Fee Application. The Applicant updated the firm's address with the Court's

ECF system and also with the Chapter 13 Trustee. The mailing to the Debtor was not returned as undeliverable, and the Debtor is therefore presumed to have received it.

On January 6, 2026, the Debtor telephoned the Applicant at approximately 6:01 p.m., and the Applicant returned the call within minutes. The conversation lasted approximately twenty-four minutes and included discussion of developments in the Debtor's case, including issues involving the sale of the marital residence and disputes with her estranged husband.

During that conversation, the Applicant mentioned that the Fee Application hearing had been adjourned and that the matter had been reassigned to a new judge. The Debtor stated that she did not recall seeing the Fee Application and commented that she receives a substantial volume of bankruptcy-related mail. The Applicant offered to send the Fee Application by email.

Following the call, the Applicant emailed a copy of the Fee Application to the Debtor on January 6, 2026 at approximately 6:53 p.m. In the email exchange that followed, the Debtor acknowledged receiving the application and accepted the Applicant's invitation to discuss it in a call the parties scheduled for the next day. Later that evening, the Debtor expressed concern that her estranged husband might not reimburse her for a portion of the legal fees unless those fees were paid from the proceeds of the anticipated sale of the marital residence. The Debtor was unable to keep the appointment for a call the following day. A copy of the January 6, 2026 emails between the Debtor and Applicant are attached **Exhibit B.**

The Applicant's records further reflect additional telephone calls initiated by the Debtor on February 5, 2026 and February 13, 2026. During those conversations, the Debtor sought the Applicant's views regarding issues involving the sale of the Manhattan property, disputes with her husband, and potential amounts owed to creditors that might be payable at closing. The Applicant listened, discussed available options, and encouraged the Debtor to consult with her current counsel, Mr. Cushner.

During both calls, the Applicant offered to review the Fee Application with the Debtor. On each occasion, the Debtor indicated that she had not recently reviewed the document and did not wish to discuss it. The Debtor never stated any objection to the fee application. A copy of the Applicant's cell phone call log with the Debtor is attached as **Exhibit C.**

The record therefore demonstrates that the Debtor was served with the Fee Application in October 2025 and was later provided a second copy by email on January 6, 2026.

## 2. The Case Was Transitioned to Competent Counsel in an Orderly Manner

The Applicant respectfully disputes the Debtor's assertion that her case was left in a "mess." The record reflects that the matter involved several issues requiring investigation and legal work beyond routine Chapter 13 administration.

The Debtor had significant tax liabilities which she believed had been resolved prior to filing through an Offer in Compromise insisting the tax authority was mistaken. The Applicant spent time investigating the tax claim reaching out to a lawyer with the U.S. Attorneys who thereafter filed an appearance and provided research into the Offer in Compromise. The Applicant determined that the Offer in Compromise had been negated as a result of actions taken by the Debtor and her spouse. The Applicant shared the findings and recommended that the Debtor retain a certified public accountant to review the relevant tax returns and claims and assist in evaluating potential resolution options. The Debtor ultimately retained a CPA for this purpose. Said CPA filed past due returns and reviewed past filings for errors and made his own recommendations for the Debtor'd best course of action.

The Debtor also raised concerns regarding the legitimacy of a proof of claim filed by her father-in-law. Without disclosing privileged communications, the Applicant investigated the Debtor's concerns and provided appropriate recommendations.

.

4

Additionally, the Applicant reviewed post-petition invoices issued by the board of the Debtor's Manhattan condominium, which contained significant additional charges and legal fees assessed without notice to the Court or the Debtor. As reflected in the Fee Application, the Applicant reviewed these charges and recommended that an objection to the claim be considered, particularly in light of the anticipated sale of the property.

The Applicant also worked with the Debtor's real estate broker to obtain Court approval for the broker's retention and recommended closing counsel experienced in bankruptcy matters when a purchase offer for the property was received.

The anticipated transaction did not proceed after the Debtor's husband declined to execute the retainer agreement with closing counsel while traveling abroad, and the prospective purchaser ultimately withdrew the offer. At the time of transition the property was still listed on the open market with the same broker.

These matters required investigation, communication, and legal judgment. They do not support the Debtor's assertion that the case was mishandled.

The Applicant took care to transition her remaining matters in an orderly and professional manner to ensure that no client would be prejudiced by the closing of her practice. At all relevant times, the Applicant remained available to assist the Debtor and successor counsel as needed.

## CONCLUSION

The Debtor's objection identifies no specific challenge to the time records submitted, the services performed, or the reasonableness of the fees requested. The objection instead rests upon assertions that are not supported by the record.

For the foregoing reasons, the Applicant respectfully requests that the Court overrule the Debtor's objection, not reopen the existing order and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Linda M. Tirelli
Tirelli Law Group
P.O. Box 685
Ardsley, NY 10502

 

EXHIBIT A

## Re: Brigitte Branconnier Fw: Important Message / Termination and Transfer of Services

From Brigitte Branconnier <bbran@mac.com>
Date Wed 10/1/2025 2:24 PM
To Linda Tirelli <ltirelli@tirellilawgroup.com>

Got it ! Will have to get Gabriel to pay me the half of what you get from the trustee that's going to be headache for me .



On Oct 1, 2025, at 11:05, Linda Tirelli <ltirelli@tirellilawgroup.com> wrote:

The 8K was for the base fees.  I have to look at  any non-base fees which I will be doing later today and this week. If I file an application for the additional fees, it get paid by the trustee from the funds he is holding.

*/s/ Linda M Tirelli, Esq.*
Linda Tirelli, Esq.
Tirelli Law Group, LLC
PO Box 685
Ardsley, NY 10502
Phone (914)732-3222

***Please note the change of address.***
*Clients must identify themselves by inserting their last name in the subject line of every email.*
*For the security of this office and all contacts, any emails and attachments from unknown or unidentified parties may be discarded unopened.*

**From:** Brigitte Branconnier <bbran@mac.com>
**Sent:** Wednesday, October 1, 2025 11:00 AM
**To:** Linda Tirelli <ltirelli@tirellilawgroup.com>
**Subject:** Re: Brigitte Branconnier Fw: Important Message / Termination and Transfer of Services

Ok got it do on the 8 k that I gave you how does that work now ? What is your billing as of yesterday ?

EXHIBIT B

## Re: Brigitte Brannconier / Tirelli Fee Application

**From** Brigitte Branconnier <bbran@mac.com>
**Date** Tue 1/6/2026 7:52 PM
**To** Linda Tirelli <ltirelli@tirellilawgroup.com>

Ok ! I wanted this to be paid from the house closing so he pays with me now am the one paying for the invoice by myself he will never give me the money

> On Jan 6, 2026, at 19:29, Linda Tirelli <ltirelli@tirellilawgroup.com> wrote:
>
> Ok we will work it out.  Call me at 6:00 tomorrow.  Good night.
>
> Linda M Tirelli
>
> **From:** Brigitte Branconnier <bbran@mac.com>
> **Sent:** Tuesday, January 6, 2026 7:23 PM
> **To:** Linda Tirelli <ltirelli@tirellilawgroup.com>
> **Subject:** Re: Brigitte Brannconier / Tirelli Fee Application
>
> Yes !
>
>> On Jan 6, 2026, at 19:21, Linda Tirelli <ltirelli@tirellilawgroup.com> wrote:
>>
>> Lets talk about it tomorrow. Is 6:00pm good for you?
>>
>> Linda M Tirelli
>>
>> **From:** BRIGITTE BRANCONNIER <bbran@mac.com>
>> **Sent:** Tuesday, January 6, 2026 7:11 PM
>> **To:** Linda Tirelli <ltirelli@tirellilawgroup.com>
>> **Subject:** Re: Brigitte Brannconier / Tirelli Fee Application
>>
>> This is insane ! I have nothing left on this
>>
>>> On Jan 6, 2026, at 6:53 PM, Linda Tirelli <ltirelli@tirellilawgroup.com> wrote:

It was good to hear your voice today and I appreciate your kind words. I am glad you are still working with Henry - he is very good at what he does. I can only hope Gabriel will see the light and focus on selling the property. It might not feel this way now, but i have full confidence that you have an amazing prosperous future ahead of you. This too shall pass.

I am attaching the final fee application I filed in October along with the exhibits including the final invoice, signed retainer agreement and my form 2030 confirming the amount I was paid for the base fees prior to filing. Please take a look and if you have any questions or want to discuss it we can have another call. I will send the related ancillary documents in a separate email including the proposed order and certificate of service. It is my understanding that the hearing will be on February 19th.

I look forward to hearing from you.


Linda M Tirelli
<Invoice of TIme and Expenses.pdf> <Fee App 10 01 2025.pdf> <Form 2030.PDF> <Signed Retainer.pdf>

✕ **Brigitte Branconnier**
Canceled Call History

## Outgoing Call
Today ·
11:59 AM

Canceled

## Incoming Call
2/13/26 ·
5:30 PM

19 minutes

## Outgoing Call
2/13/26 ·
4:05 PM

28 seconds

## Incoming Call
2/5/26 ·
11:02 AM



6 minutes

---

**Outgoing Call**

1/6/26 ·
6:04 PM

24 minutes

---

**Incoming Call**

1/6/26 ·
6:01 PM

Missed



# Brigitte Branconnier
## Call History



**Incoming Call**          2/13/26 ·
                           5:30 PM

19 minutes

**Outgoing Call**          2/13/26 ·
                           4:05 PM

28 seconds



**Incoming Call**          2/5/26 ·
                           11:02 AM

6 minutes

1/6/26

**Outgoing Call**

6:04 PM

24 minutes

---

**Incoming Call**

1/6/26 ·
6:01 PM

Missed

 



**BB**

Edit

# Brigitte Branconnier

Details   Voicemails

Incoming        2/5/26·11:02 AM
Call ☑
6 minutes
Calls with a checkmark have
been verified by the carrier.

Call History                    >

BB   Contact Photo            >

phone
+1 (646) ~~Redacted~~

Notes

 Favorites    Calls    Contacts   Keypad    Voicemail 27

< **BB** Edit

# Brigitte Branconnier

Details   Voicemails

Incoming   2/13/26 · 5:30 PM

Call ☑️

19 minutes

Calls with a checkmark have been verified by the carrier.

Call History                          >

 Contact Photo       >



**phone**
**+1 (646)** ~~Redacted~~

**Notes**

 Favorites   Calls   Contacts  Keypad   27 Voicemail

Sent from the all new AOL app for iOS